MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ANAYELI GUZMAN  and HECTOR REYES,
*individually and on behalf of others similarly*
*situated,*

|                                                      |                                           |
|------------------------------------------------------|-------------------------------------------|
|             *Plaintiffs,*      | **COMPLAINT**                             |
|    -against-                           | **COLLECTIVE ACTION UNDER** **29 U.S.C. § 216(b)** |
| KAHALA HOLDINGS, LLC., NEW AGE FOOD CONCEPTS, INC . (d/b/a RANCH 1), and VINOD KUMAR CHAND | **ECF Case**    |
|             *Defendants.* |                                  |

-------------------------------------------------------X

Plaintiffs Anayeli Guzman and Hector Reyes, individually and on behalf of others

similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace &

Associates, P.C., upon their knowledge and belief, and as against Kahala Holdings, LLC., New

Age Food Concepts, Inc. (d/b/a Ranch 1) ("Defendant Corporation"), and Vinod Kumar Chand

allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of defendants Kahala Holdings, LLC., New Age

Food Concepts , Inc. (d/b/a Ranch 1), and Vinod Kumar Chand  (collectively, "Defendants").

2.      Defendants owned, operated, or controlled a Fast food restaurant located at 5 West 46th Street, New York, New York 10036 under the name "Ranch 1".

3.      Upon information and belief, individual defendant Vinod Kumar Chand serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were employed as cook and ostensibly as a delivery worker.

5.      However, the delivery worker was required to spend a considerable part of his work day performing non-tipped, non-delivery duties including but not limited to, various non-tip duties such as washing pots and pans, carrying down and stocking deliveries in the basement, cutting vegetables, cleaning the kitchen, basement, walls and bathrooms, assisting the cook (breading chicken and other food preparations), washing lettuce for the salad, sweeping and mopping the entire restaurant, bringing up food or supplies for the food preparers, taking out the garbage, twisting and tying up cardboard boxes and vacuuming the entire place including the basement ; (hereafter the "non-tipped, non-delivery duties").

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium. Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

8.      Defendants employed and accounted for Plaintiff Reyes as a delivery worker in their payroll, but in actuality Plaintiff Reyes' duties required greater or equal time spent in non-tipped, non-delivery duties.

9.      Regardless, at all times Defendants failed to pay Plaintiff Reyes at the required minimum wage rate.

In addition, under state law, Defendants were not entitled to take a tip credit because Plaintiff Reyes' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever was less in each day.  12 N.Y. C.R.R. §146.

10.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Reyes' actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Reyes at the minimum wage rate and enabled them to pay this plaintiff at a lower rate.

11.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

12.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

13.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit.

- 3 -

12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

14.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

16.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Fast food restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

17.     Plaintiff Anayeli Guzman ("Plaintiff Guzman" or "Ms. Guzman") is an adult individual residing in Bronx County, New York.  Plaintiff Guzman was employed by Defendants from approximately 2006 until on or about October 31, 2015.

18.     Plaintiff Hector Reyes ("Plaintiff Reyes" or "Mr. Reyes") is an adult individual residing in Westchester County, New York. Plaintiff Reyes was employed by Defendants from approximately April 2009 until on or about October 31, 2015.

*Defendants*

- 4 -

19.     At all relevant times, Defendants owned, operated, or controlled a Fast food restaurant located at 5 West 46th Street, New York, New York 10036 under the name "Ranch 1".

20.     Upon information and belief Kahala Holdings, LLC., New Age Food Concepts, Inc. ("Defendant Corporation") is a domestic corporation organized and existing under the laws of the State of New York.

21.     Upon information and belief, Kahala Holdings, LLC., New Age Food Concepts , Inc. had its principal place of business at 5 West 46th Street, New York, New York 11101.

22.     Defendant Vinod Kumar Chand is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

23.     Defendant Vinod Kumar Chand is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation.

24.     Defendant Vinod Kumar Chand possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.     Defendants operated a fast food restaurant located in the Midtown section of Manhattan in New York City.

26.     The individual defendant, Vinod Kumar Chand possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constituted a single employer of Plaintiffs and/or similarly situated individuals.

31.     Upon information and belief, individual defendant Vinod Kumar Chand  operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

   b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.  transferring assets and debts freely as between all Defendants,

d.  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e.  operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation,

f.  intermingling assets and debts of his own with Defendant Corporation,

g.  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h.  other actions evincing a failure to adhere to the corporate form.

32.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

33.    In each year from 2009 to the present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the fast food restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

35.    The Plaintiffs are former employees of the Defendants who were employed as a cook and ostensibly as a delivery worker. However, the delivery worker spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

- 7 -

36.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Anayeli Guzman*

37.     Plaintiff Guzman was employed by Defendants from approximately 2006 until on or about October 31, 2015.

38.     At all times relevant to this Complaint, Ms. Guzman was an employee of Defendants employed to work as a cook.

39.     Ms. Guzman's work duties required neither discretion nor independent judgment.

40.     Ms. Guzman regularly handled goods in interstate commerce, such as chicken, vegetables, and other supplies produced outside of the State of New York.

41.     Throughout her employment with Defendants, Plaintiff Guzman regularly worked in excess of 40 hours per week.

42.     From approximately December 2009 until on or about October 31, 2015, Ms. Guzman worked from approximately 7:00 a.m. until on or about 5:00 p.m. Mondays through Fridays and from approximately 10:00 a.m. until on or about 8:00 p.m. on Saturdays (typically 60 hours per week).

43.     On numerous occasions, Defendants required Plaintiff Guzman to work beyond her regularly scheduled departure time.

44.     For example, at least once or twice a month, Defendants required Plaintiff Guzman to work until 9:00 p.m. on weekdays  to cover for an absent fellow worker;  in addition, on those same occasions, Defendants required Plaintiff Guzman to start working at 5:00 a.m. the next morning to perform the work that her absent workmate failed to perform the night before..

45.     Throughout her employment with Defendants, Plaintiff Guzman was paid her wages in a combination of cash and check; specifically, Defendants paid Plaintiff Guzman $195 by check and the rest in cash.

46.     From approximately December 2009 until on or about August 2010, Defendants paid Plaintiff Guzman $9.00 per hour.

47.     From approximately august 2010 until on or about August 2011, Defendants paid Plaintiff Guzman $9.50 per hour.

48.     From approximately August 2011 until on or about August 2012, Defendants paid Plaintiff Guzman $10.00 per hour.

49.     From approximately August 2012 until on or about August 2013, Defendants paid Plaintiff Guzman $10.50 per hour

50.     From approximately August 2013 until on or about August 2014, Defendants paid Plaintiff Guzman $11.00 per hour.

51.     From approximately August 2014 until on or about August 2015, Defendants paid Plaintiff Guzman $11.50 per hour.

52.     From approximately August 2015 until October 31, 2015, Defendants paid Plaintiff Guzman $12.00 per hour

53.     Defendants did not provide Plaintiff Guzman with breaks of any kind during her work hours.

54.     Prior to 2013, Ms. Guzman was not required to keep track of her work time, nor to her knowledge did Defendants utilize any time tracking device, such as sign in sheets or punch cards, to accurately reflect her actual hours worked.

55.     Further, Defendants did not provide Ms. Guzman with any document or other

statement accurately accounting for all of her actual hours worked, or setting forth the rate of pay for all of her hours worked.

56.     Defendants did not provide Plaintiff Guzman with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

57.     No notification, either in the form of posted notices or other means, was given to Plaintiff Guzman regarding overtime and wages under the FLSA and NYLL.

58.     Defendants never provided Plaintiff Guzman with a written notice, in English and in Spanish (Plaintiff Guzman's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Guzman to purchase "tools of the trade" with her own funds—including approximately 10 black or red shirts per year, 3 black pants per year and a hat.

*Plaintiff Hector Reyes*

60.     Plaintiff Reyes was employed by Defendants from approximately April 2009 until on or about October 31, 2015.

61.     Defendants ostensibly employed Plaintiff Reyes as a delivery worker.

62.     However, Plaintiff Reyes was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

63.     Although Plaintiff Reyes was ostensibly employed as a delivery worker, he spent at least three hours per day performing non-delivery work throughout his employment with Defendants.

64.     Plaintiff Reyes regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

65.     Plaintiff Reyes' work duties required neither discretion nor independent judgment.

66.     Throughout his employment with Defendants, Plaintiff Reyes regularly worked in excess of 40 hours per week.

67.     From approximately April 2009 until on or about May 2013, Plaintiff Reyes worked from approximately 7:00 a.m. until on or about 4:00 p.m. Mondays through Fridays and from approximately 10:00 a.m. until on or about 8:00 p.m. on Saturdays; in addition for a period of approximately 3 months in 2013, Plaintiff Reyes had to work from approximately 10:00 a.m. until on or about 8:00 p.m. on Sundays (typically 55 to 65 hours per week).

68.     From approximately May 2013 until on or about June 2014, Plaintiff Reyes worked from approximately 7:00 a.m. until on or about 4:00 p.m. Mondays through Fridays (typically 45 hours per week).

69.     From approximately June 2014 until October 31, 2015, Plaintiff Reyes worked from approximately 8:00 a.m. until on or about 4:00 p.m. Mondays through Fridays and from approximately 10:30 a.m. until on or about 4:30 p.m. on Saturdays (typically 46 hours per week).

70.     From approximately December 2009 until on or about June 2014, Plaintiff Reyes was paid his wages in cash.

71.     From approximately June 2014 until on or about October 31, 2015, Plaintiff Reyes was paid his wages in a combination of check and cash (specifically, $150 by check and the rest in cash).

72.     From approximately December 2009 until on or about May 2013, Plaintiff Reyes was paid a fixed salary of $280 per week.

73.     From approximately May 2013 until on or about June 2014, Plaintiff Reyes was paid $6.40 per hour.

74.     From approximately June 2014 until October 31, 2015, Plaintiff Reyes was paid $7.50 per hour.

75.     Plaintiff Reyes was never notified by Defendants that his tips were being included as an offset for wages.

76.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Reyes' wages.

Prior to June 2014, Plaintiff Reyes was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

77.     Furthermore, Defendants did not provide Plaintiff Reyes with a statement of wages with each payment of wages, as required by NYLL 195(3).

78.     No notification, either in the form of posted notices or other means, was given to Plaintiff Reyes regarding overtime and wages under the FLSA and NYLL.

79.     Defendants did not give any notice to Plaintiff Reyes, in English and in Spanish (Plaintiff Reyes' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

80.     Defendants required Plaintiff Reyes to purchase "tools of the trade" with his own funds—including 8 bikes and 2 helmets.

*Defendants' General Employment Practices*

81.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40

- 12 -

hours per week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

82.     Defendants required Plaintiff Reyes to perform general delivery, non-tipped restaurant tasks in addition to his primary duties as delivery worker.

83.     Plaintiff Reyes was employed ostensibly as a tipped employee by Defendants, although his actual duties included greater or equal time spent performing non-tipped duties.

84.     Plaintiff Reyes was not paid at the minimum wage rate by Defendants.  However, under state law, Defendants were not entitled to pay Plaintiff Reyes at a rate below the required minimum wage because Plaintiff's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less). 12 N.Y. C.R.R. § 146.

85.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

86.     Plaintiff Reyes' duties were not incidental to his occupation as a delivery worker, but instead constituted entirely unrelated general fast food restaurant  work with duties including the non-tipped, non-delivery duties described above.

87.     In violation of federal and state law, as discussed above, Defendants classified Plaintiff Reyes as a tipped employee and they paid him at a rate below the required minimum wage rate.

88.     Defendants failed to inform Plaintiff Reyes that his tips would be credited towards the payment of the minimum wage.

89.     At no time did Defendants inform Plaintiff Reyes that they had reduced his hourly wage by a tip allowance.

90.     Defendants failed to maintain a record of tips earned by Plaintiff Reyes for the deliveries he made to customers.

91.     Throughout their employment with defendants, Plaintiffs were paid their wages partially or entirely in cash.

Prior to June 2014, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

92.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

93.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

94.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former cooks and delivery workers.

95.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

96.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

97.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

98.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

99.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

100.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

101.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

102.    The claims of Plaintiffs stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)**

103.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

104.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

105.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

106.    Defendants constituted an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

- 16 -

107.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

108.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

109.    Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

110.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

111.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

112.    Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

113.    Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

114.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

115.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

116.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

117.   Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

118.   Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

119.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

120.   Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

121.   Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

122.   Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

123.   Plaintiffs were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

124.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

125.   Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of

the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009).

126.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

127.    Plaintiffs were damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

128.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

129.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

130.    Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

131.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

132.    With each payment of wages, Defendants failed to provide Plaintiffs with a

- 19 -

statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

133.   Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

134.   Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

135.   Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

136.   Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)   Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)      Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)      Declaring that the Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)      Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiffs (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiffs (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no

- 22 -

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

    (s)      All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       December 9, 2015

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                        By:          /s/ Michael Faillace        
                                    Michael Faillace [MF-8436]
                                    MICHAEL FAILLACE & ASSOCIATES, P.C.
                                    Michael A. Faillace [MF-8436]
                                    60 East 42nd Street, suite 2540
                                    New York, New York 10165
                                    Telephone: (212) 317-1200
                                    Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 8, 2015

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Anayeli Guzman

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     08 de diciembre de 2015

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 8, 2015

TO:    Clerk of Court.

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Hector reyes

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     08 de diciembre de 2015