USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

ANAYELI GUZMAN, et al., :

                Plaintiffs, :

  -against- :

KAHALA HOLDINGS, LLC, et al., :

                Defendants. :

----------------------------------------X

15 Civ. 9625 (HBP)

ORDER
AND OPINION

        PITMAN, United States Magistrate Judge:

        Plaintiffs commenced this action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL") to recover alleged unpaid minimum wage and overtime pay, spread-of-hour pay, equipment costs and penalties for failure to provide wage statements and notices under the NYLL.  Plaintiffs brought the action as a collective action pursuant 29 U.S.C. § 216(b) with respect to the FLSA claims.

        The parties reached a settlement prior to the matter being conditionally certified as a collective action and now seek approval of their proposed settlement (Letter of Gerrald Ellis, Esq., to the undersigned, dated Jan. 25, 2017 (Docket Item ("D.I.") 93) ("Ellis Letter")).  The parties have consented to my exercising plenary jurisdiction over this action pursuant to 28

U.S.C. § 636(c).

I cannot approve the settlement as it currently stands because the parties have not provided sufficient information to enable me to determine whether the proposed settlement is fair and reasonable. Although the parties have indicated that the plaintiffs will receive a total net settlement of $50,000.00, they fail to explain how that amount will be allocated between the plaintiffs or the basis for that allocation. This is particularly significant here because both plaintiffs claim damages in a different amount and the settlement proceeds must be allocated in a rational manner.

The settlement agreement also contains a general release that is impermissible. In pertinent part, the settlement agreement provides that plaintiffs release:

> Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from all or any manner of actions, causes and causes of action, suits . . . specifically including by way of example but not limitation, the [FLSA], the [NYLL] . . ., arising out of Plaintiffs' employment by Defendants, their termination thereof, and/or the negotiation and/or execution of this Agreement, or all claims referred to or identified in various correspondence to and between the parties leading up to this Agreement

(Ellis Letter, Ex. 1 § 7(a)). Plaintiffs also agree in the

2

release not to file any other claims "against Defendants arising out of or relating to any allegation or wage and hour claim . . . or . . . referred to or identified in the various correspondence, pleadings, etc.[,] to and between the parties' respective law firms . . ." (Ellis Letter, Ex. 1 § 3). Defendants also agree to release plaintiffs "from all or any manner of actions, causes or causes of actions, suits . . . arising out of Plaintiffs' alleged employment by Defendants, their separation therefrom, and/or negotiation and/or execution of this Agreement, or all claims referred to or identified in various correspondence to and between the parties leading up to this Agreement" (Ellis Letter, Ex. 1 § 7(b)).

The problem with the release, like the one in Flores v. Hill Country Chicken NY, LLC, 16 Civ. 2916 (AT)(HBP), 2017 WL 3448018 at *2 (S.D.N.Y. Aug. 11, 2017) (Pitman, M.J.), is that it would bar claims by plaintiffs unrelated to wage and hour issues not only against defendants themselves, but also against a broad array of persons, including former employees, shareholders, and officers.[1] In addition, although the settlement agreement purports to release all claims against defendants, it oddly goes

---

[1] Indeed, the fact that plaintiffs release a number of persons other than defendants, yet it is only defendants that release plaintiffs, indicates that the release is not truly mutual.

3

on to release claims referred to or identified in unidentified correspondence. As a matter of logic, the former should include the latter. Therefore, the parties fail to provide sufficient information to enable me to determine whether the release is limited to wage and hour issues. As written, the release "could be applied to absurd effect[.]" Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (Moses, M.J) (rejecting a general release that released a "long list" of entities and persons related to defendants from "every imaginable claim"). For example, if the release were given literal effect, plaintiffs would not be able to sue defendants' former employees for breach of contract or for an assault. Such a result is absurd and contrary to the FLSA's remedial purposes.[2] The parties must

---

[2] The general release here does comply with the primary remedial purpose of the FLSA in at least one respect; it is bilateral. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015) (concluding that the "primary remedial purpose" of the FLSA is "to prevent abuses by unscrupulous employers and remedy the disparate bargaining power between employers and employees"), cert. denied, 136 S. Ct. 824. Under Sections 7(a) and (b) of the proposed agreement, both parties would release a broad array of claims against each other. Courts in this District have found that where, as here, a release clause was negotiated by competent counsel for both sides, and plaintiffs no longer work for defendants, "[a] general release of the kind proposed in this case, with former employees who have no ongoing relationship with the employer, makes sense in order to bring complete closure." Souza v. 65 St. Marks Bistro, 15 Civ. 327 (JLC), 2015 WL 7271747 at *5 (S.D.N.Y. Nov. 5, 2015) (Cott, M.J.); accord Cionca v. Interactive Realty, LLC, 15 Civ. 5123
(continued...)

limit the persons covered by the release and clarify what claims are being released.[3]

I also note that the settlement contains two other proscribed provisions: (1) it prohibits plaintiffs from assisting in any other wage and hour litigation against defendants, and (2) it bars plaintiffs from ever working for, or applying for work with, defendants and the releasees (Ellis Letter, Ex. 1 §§ 3, 5). These provisions are in conflict with the FLSA's "primary remedial purpose: to prevent abuses by unscrupulous employers and remedy the disparate bargaining power between employers and employees." Cheeks v. Freeport Pancake House, Inc., supra, 796 F.3d at 207; see Fu v. Mee May Corp., 15 Civ. 4549 (HBP), 2017 WL 2172910 at *2 (S.D.N.Y. Mar. 31, 2017) (Pitman, M.J.) (striking down provision prohibiting plaintiffs from assisting in any action against defendants because it

---

[2] (...continued)
(BCM), 2016 WL 3440554 at *3-*4 (S.D.N.Y. June 10, 2016) (Moses, M.J.); Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, 13 Civ. 5008 (RJS), 2016 WL 922223 at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, D.J.). However, the bilateral nature of the general release does not save this provision from the other fatal deficiencies described in the text.

[3] The agreement provides that "in the event that the Court strikes or modifies this Paragraph in any manner, the general release provided by Defendants to Plaintiffs in Paragraph 7(b) of this Agreement shall be deemed stricken and null and void . . ." (Ellis Letter, Ex. 1 § 7(d)). Thus, plaintiffs' general release cannot be severed from the rest of the agreement.

5

conflicted with the "remedial purpose" of the FLSA); Baikin v. Leader Sheet Metal, Inc., 16 Civ. 8194 (ER), 2017 WL 1025991 at *1 (S.D.N.Y. Mar. 13, 2017) (Ramos, D.J.) (striking down provision prohibiting plaintiffs from seeking or obtaining reemployment with defendants).

Accordingly, within 30 days of the date of this Order, the parties are to provide the information sought and a revised settlement agreement that eliminates the foregoing issues.

Dated:  New York, New York
        October 18, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

6