USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ANAYELI GUZMAN, et al., :

                Plaintiffs, :

  -against- :

KAHALA HOLDINGS, LLC, et al., :

                Defendants. :

------------------------------------X

15 Civ. 9625 (HBP)

OPINION
AND ORDER

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve the parties' settlement (Proposed Settlement Agreement, attached to Letter of Andrew J. Spinnell, Esq., to the undersigned, dated Mar. 13, 2018 ("Spinnell Letter")).[1] All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        This is an action brought by two individuals who worked at defendants' fast food restaurant; plaintiff Anayeli Guzman was employed as a cook from approximately 2006 through October 31, 2015 and plaintiff Hector Reyes was employed as a delivery person from approximately April 2009 through October 31, 2015. Plain-

---

[1]The Spinnell Letter has not yet been docketed in this action. It will be docketed contemporaneously with the filing of this Order.

tiffs brought this action under the Fair Labor Standards Act ("FLSA"), 20 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), claiming that, although each plaintiff allegedly worked between 45 and 65 hours per week, defendants did not pay them any overtime wages. Plaintiffs' alleged unpaid overtime wages, exclusive of liquidated damages, total $81,145.63.[2] Plaintiffs also assert claims based on defendants' alleged failure to maintain certain payroll records, provide certain notices as required by the NYLL and reimburse plaintiffs for the costs of equipment that they used during the course of their employment.

Defendants contend that plaintiffs received all the overtime pay to which they were entitled. Defendants also claim to have documentation showing that the number of hours plaintiffs claim to have worked is inflated.

I presided over a settlement conference in this matter on September 15, 2016, during which the parties did not come to an agreement. However, the parties agreed to the essential terms of a settlement during a telephonic status conference held on December 21, 2016, over which I also presided. My knowledge of the underlying facts and the justification for the settlement is,

---

[2]Plaintiffs allege that Guzman is entitled to $31,665.00 in overtime pay and that Reyes is entitled to $49,480.63 in overtime pay.

2

therefore, based on counsel's representations in the letters submitted prior to the settlement conference, the letters in support of the settlement and their statements during the settlement and status conferences.

The parties have previously sought approval of a prior proposed settlement agreement (Letter of Gerrald Ellis, Esq., to the undersigned, dated Jan. 25, 2017 (Docket Item ("D.I.") 93) ("Ellis Letter")), which I denied by my Opinion and Order, dated October 18, 2017 (Opinion and Order of the undersigned, dated Oct. 18, 2017 (D.I. 95) ("October 18, 2017 Order")). I rejected that proposed settlement agreement because: (1) the parties failed to provide sufficient information to enable me to determine whether the proposed settlement amount was fair and reasonable; (2) the agreement contained an impermissible general release; (3) the agreement prohibited plaintiffs from assisting in any other wage and hour litigation against defendants and (4) the agreement barred plaintiffs from re-employment with defendants (October 18, 2017 Order at 2-5).

The parties resubmitted their settlement agreement for approval on March 13, 2018. Although the parties have cured some of the defects identified in my October 18, 2017 Order, I am still unable to approve the proposed settlement agreement.

The proposed settlement calls for defendants to pay a total of $75,000.00 in full and final satisfaction of plaintiffs' claims (Proposed Settlement Agreement ¶ 1(a)). The proposed settlement agreement further provides that "[t]he plaintiffs will each be issued 50% of the Settlement Fund that is not allocated for approved attorney's fees" (Proposed Settlement Agreement ¶ 1(f)). However, the parties do not state the amount of the settlement fund that plaintiffs' counsel will receive.

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve <u>bona fide</u> disputes." <u>Johnson v. Brennan</u>, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." <u>Id.</u> (citing <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982))

<u>Agudelo v. E & D LLC</u>, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." <u>Lliquichuzhca v. Cinema 60, LLC</u>, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman,

4

United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted).

As noted above, the proposed settlement agreement provides that plaintiffs will divide evenly the portion of the $75,000.00 settlement that remains after attorney's fees are deducted but does not state what those fees actually are. Therefore, I am unable to determine how much plaintiffs will recover under the proposed settlement agreement and, thus, whether that amount "reflects a reasonable compromise[.]" Agudelo v. E & D LLC, supra, 2013 WL 1401887 at *1, quoting Johnson v. Brennan, supra, 2011 WL 4357376 at *12.[3] Furthermore, given that Reyes claims to be owed $49,480.63 and

---

[3]Although the parties stated in their prior proposed settlement agreement that plaintiffs' counsel would receive one-third of the total settlement as attorney's fees (Ellis Letter at 2), the proposed settlement agreement currently before me does not state how much counsel will receive as fees.

5

Guzman $31,667.00, one would expect the remainder of the settlement to be distributed to each plaintiff in amounts that are proportional to the damages claimed by each. However, under the proposed settlement, plaintiffs would each receive equal shares of the settlement fund; this method of distribution does not "bear a rational relationship to the amount claimed by each plaintiff" and, because the parties do not explain or provide any information supporting this deviation, I must reject the proposed settlement. Flores v. Hill Country Chicken, LLC, 16 Civ. 2916 (AT)(HBP), 2017 WL 3448018 at *1 (S.D.N.Y. Aug. 11, 2017) (Pitman, M.J.).

Furthermore, "[d]istrict courts [reviewing a proposed FLSA settlement for approval] must evaluate whether . . . 'any proposed award of attorneys' fees is reasonable." Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (Kaplan, D.J.). The current proposed settlement agreement does not set forth the amount plaintiffs' counsel will receive as a fee, and I cannot, therefore, assess the reasonableness of that amount.

In addition, the proposed settlement agreement provides for mutual releases between plaintiffs and defendants limited to wage-and-hour related issues (Proposed Settlement Agreement ¶¶ 7(a),(b). However, it also contains a contradictory provision

6

that constitutes for a general release in favor of defendants. Specifically, paragraph two of the proposed settlement agreement states:

> Except as otherwise stated, upon execution of this Agreement, all claims and/or potential claims by Plaintiffs against Defendants, including but not limited to, claims for wages, liquidated damages related to wages, retaliation related to wages, and attorneys' fees related to wages, and without admission that plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages, shall be deemed settled, satisfied and resolved.

This general release running only in favor of defendants is impermissible. See e.g., Barbecho v. M.A. Angeliades, Inc., 11 Civ. 1717 (HBP), 2017 WL 1194680 at *2. As the release is written, it "could be applied to an absurd effect[.]" Lopez v. Poko-St. Ann L.P., 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (Moses, M.J) (rejecting a general release that released a "long list" of entities and persons related to defendants from "every imaginable claim"). For example, the release would expressly prohibit plaintiffs from commencing an action against defendants' former officers for breach of contract or for an assault (Proposed Settlement Agreement ¶ 2).

Accordingly, within 30 days of this Order, the parties are to submit a revised settlement agreement that corrects the foregoing deficiencies.

Dated:  New York, New York
        April 9, 2018

SO ORDERED

/s/ Henry Pitman
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

8