## REVISED SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between Anayeli Guzman and Hector Reyes ("Plaintiffs"), on the one hand, and Kahala Holdings, LLC, an Arizona limited liability company (also dba Kahala Restaurant Holdings, LLC), Kahala Restaurants, LLC, an Arizona limited liability company, Kahala Franchising, LLC, an Arizona limited liability company, Kahala Franchise Corp., a Delaware corporation, Kahala Brands, Ltd., a Delaware corporation (collectively, "Kahala Defendants"), and New Age Food Concepts, Inc. (d/b/a Ranch One), Vinod Kumar Chand, and Samy El Fouly (aka Mohamed E. Hussein and Mohamed Samy Hussein) (collectively, "Franchisee Defendants"), on the other, regarding Plaintiffs' employment and the settlement of any and all wage and hour claims Plaintiffs had or may have against Franchisee Defendants. Together, Kahala Defendants and Franchisee Defendants are sometimes referred to as "Defendants."

WHEREAS, Plaintiffs have commenced an action against Defendants in the United States District Court, Southern District of New York styled <u>Guzman et al v. Kahala Holdings, LLC et al,</u> Case No.: 15-cv-9625 (LGS) (HBP) (the "Action") alleging wage and hour violations under the Fair Labor Standards Act, the New York Minimum Wage Act, the Spread of Hours Wage Order of the New York Commissioner of Labor, and the New York Labor Law;

WHEREAS, Defendants deny that they failed to pay Plaintiffs all wages owed to them;

WHEREAS, Plaintiffs and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Payment**

(a) In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiffs and in consideration for Plaintiffs' execution of this Agreement, which includes a release, Franchisee Defendants New Age Food Concepts, Inc. and Samy El Fouly shall cause to be paid to Plaintiffs and their attorneys the gross sum of Seventy-Five Thousand Dollars ($75,000 USD) (the "Settlement Funds"), according to the schedule set forth below:

   i. Twenty Thousand Dollars ($20,000 USD) shall be due within thirty (30) days of Court approval of this Agreement (the "Initial Payment"); and

   ii. Three Thousand Fifty-Five Dollars and Fifty-Six Cents ($3,056.56 USD) shall be due on the first day of the month for the eighteen (18) months following the Initial Payment.

(b)     Plaintiffs shall be solely responsible for the payment of any taxes owed on the payments of the Settlement Funds.  Plaintiffs represent that no tax advice has been given to them by Defendants or  Defendants' representatives and Plaintiffs understand that Defendants make no representation or guarantee as to the tax consequences of these payments.  Plaintiffs hereby agree to indemnify and hold harmless Defendants in connection with any tax liabilities and/or interest, penalties, or costs that may be incurred by Plaintiffs for any failure by them to properly report the payment.

(c)     The Settlement Funds will be provided to Michael Faillace & Associates, P.C., One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165, in the form of checks or wire transfers made payable to Plaintiffs' counsel.

(d)     Franchisee Defendants shall issue a Form 1099 to Michael Faillace & Associates, P.C., One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165, covering all Settlement Funds, and Plaintiffs' counsel shall be solely responsible for any taxes owed on the sum it receives under this Agreement.

(e)     The payments required to be made hereunder are jointly and severally personally guaranteed ONLY BY Franchisee Defendants, including without limitation all Court costs and collection fees in the event of a default and failure to timely cure a default within twenty (20) days upon notice to the Franchisee Defendants by way of their Counsel, Andrew J. Spinnell by fax at 212-696-2611. Should an uncured default occur, New Age Food Concepts Inc. and Samy El Fouly agree that the concurrently executed Affidavit of Confession of Judgment may be entered against them without further notice.

(f)     Plaintiffs' attorneys will apply to the Court to collect no more than $25,000.00 from the settlement - or such other fee amount that the Court approves.

(g)     The Plaintiffs will each be issued their pro rata share of the settlement fund not allocated for attorneys fees based on Plaintiff Reyes' claimed unpaid wages of $49,480.63 and Plaintiff Guzman's claimed unpaid wages of $31,667.00 such that Plaintiff Reyes would receive 61% and Plaintiff Guzman 39% of the settlement fund not allocated to attorney's fees.

2.     **Settlement of All Wage & Hour Claims**

Except as otherwise stated, upon execution of this Agreement, all wage-and-hour-related claims by Plaintiffs against Defendants, including claims for wages, liquidated damages related to wages, retaliation related to wages, and attorneys' fees related to wages, and without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages, shall be deemed settled, satisfied and resolved.

3. **Covenant Not to Sue**

Intentionally Omitted.

4. **Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiffs expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment and separation thereof.

5. **Reemployment**

Intentionally Omitted.

6. **Representations**

Plaintiffs understand and agree that they have been advised to consult with an attorney before signing this Agreement.

7. **Mutual Releases**

(a)    In consideration of the payments, benefits, agreements and other consideration to be provided by Franchisee Defendants as described in the Agreement and the general release by all Defendants, Plaintiffs, for themselves and their heirs, executors, administrators and their respective successors and assigns, HEREBY RELEASE AND FOREVER DISCHARGE, to the maximum extent permitted by law, all Defendants and Defendants' respective parent corporations, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), arising under the Fair Labor Standards Act, New York Labor Law, the New York Minimum Wage Act, Wage Orders issued by the New York Commissioner of Labor, and New York Code Rules and Regulations, arising out of Plaintiffs' employment by Defendants, their termination thereof, and/or the negotiation and/or execution of this Agreement.

(b)    In consideration of the benefits, agreements and other consideration to be provided by Plaintiffs as described in the Agreement, including but not limited to the general release by Plaintiffs, Defendants HEREBY RELEASE AND FOREVER DISCHARGE, to the maximum extent permitted by law, Plaintiffs, their heirs, executors, administrators, and assigns, of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), executions, claims

and demands whatsoever at law or in equity ("claims"), which Defendants ever had, now have, or which Defendants hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of Plaintiffs' alleged employment by Defendants, their separation therefrom, and/or the negotiation and/or execution of this Agreement.

(c) Plaintiffs and Defendants acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency.

(d) The parties agree that the Court may keep or strike any portion of this Paragraph it deems violative of the law. However, in the event that the Court strikes or modifies this Paragraph in any manner, the general release provided by Defendants to Plaintiffs in Paragraph 7(b) of this Agreement shall be deemed stricken and null and void by the parties.

(e) Nothing in this Agreement, including paragraph 8 below, shall preclude Kahala Defendants from seeking indemnification from Franchisee Defendants under common law or contractually for its expenses incurred in defending against Plaintiffs' claims.

8. **Attorneys' Fees**

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party, except that in the event any party has to judicially enforce any term of this agreement, the prevailing party in such circumstances may apply to the court for an award of reasonable attorneys' fees.

9. **Acknowledgment**

Plaintiffs acknowledge that they are receiving consideration under this Agreement which represents a fair settlement of their claims. Plaintiffs acknowledge that they were represented by counsel of their own choosing throughout the negotiation and the execution of this Agreement. Plaintiffs further represent that they had sufficient opportunity to consider this Agreement; that they have read this Agreement fully and carefully and understand its terms; and that they are signing it knowingly and voluntarily.

### 10. Stipulation of Dismissal

Plaintiffs agree to withdraw their complaint in the Action and shall execute a Stipulation of Dismissal (annexed hereto), with prejudice, which shall be filed with the Court within forty-eight (48) hours of counsel filing a fully executed copy of this Agreement, and a copy thereof provided to all Defendants within forty-eight (48) hours of the filing date and time.

### 11. Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiffs and Defendants with respect to Plaintiffs' employment claims against Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 12. Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 13. Effective Date

This Agreement and Release shall become effective immediately upon execution.

### 14. Counterparts & Facsimile Signatures

This Agreement may be executed in multiple counterparts, each of which shall be considered an original but all of which will constitute one Agreement. Scanned, pdf, and/or facsimile signatures will be recognized with same force and effect as originals.

### 15. Severability

If any provision, or portion thereof, of this Agreement is, or becomes, invalid under any applicable statute or rule of law, it is to be deemed stricken and the rest of this Agreement shall remain in full force and effect.

**SIGNATURE PAGES FOLLOW**

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement on the dates set forth below.

| Plaintiffs: | Kahala Defendants: |
|---|---|

**Plaintiffs:**

_____
ANAYELI GUZMAN
Date: 02-02-18

_____
HECTOR REYES
Date: 02-05-18

**Kahala Defendants:**

KAHALA HOLDINGS, LLC, an Arizona limited liability company

By: _____
Name: <u>Jenny Moody</u>
Title:  <u>Sr. VP & Deputy General Counsel of its ultimate member</u>
Date:_____

KAHALA FRANCHISING, LLC, an Arizona limited liability company

By: _____
Name: <u>Jenny Moody</u>
Title:  <u>Sr. VP & Deputy General Counsel of its sole member</u>
Date:_____

KAHALA RESTAURANTS, LLC, an Arizona limited liability company

By: _____
Name: <u>Jenny Moody</u>
Title:  <u>Sr. VP & Deputy General Counsel of its ultimate member</u>
Date:_____

KAHALA FRANCHISE CORP., a Delaware corporation

By: _____
Name: <u>Jeff Smit</u>
Title:  <u>President</u>
Date:_____

KAHALA BRANDS, LTD., a Delaware corporation

By: _____

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement on the dates set forth below.

**Plaintiffs:**

_____
ANAYELI GUZMAN
Date:_____

_____
HECTOR REYES
Date:_____

**Kahala Defendants:**

KAHALA HOLDINGS, LLC, an Arizona limited liability company

By: _____
Name: Kimberly A. Lane
Title: Sr. VP & Deputy General Counsel of its ultimate member
Date: 5/8/18

KAHALA FRANCHISING, LLC, an Arizona limited liability company

By: _____
Name: Kimberly A. Lane
Title: Sr. VP & Deputy General Counsel of its sole member
Date: 5/8/18

KAHALA RESTAURANTS, LLC, an Arizona limited liability company

By: _____
Name: Kimberly A. Lane
Title: Sr. VP & Deputy General Counsel of its ultimate member
Date: 5/8/18

KAHALA FRANCHISE CORP., a Delaware corporation

By: _____
Name: Kimberly A. Lane
Title: Its Authorized Representative
Date: 5/8/18

KAHALA BRANDS, LTD., a Delaware corporation

- 7 -

By: *[signature]*
Name: <u>Kimberly A. Lane</u>
Title: <u>Sr. VP & Deputy General Counsel</u>
Date: 5/8/18

**Franchisee Defendants:**

NEW AGE FOOD CONCEPTS, INC.

By: _____
Name: _____
Title: _____
Date: _____

_____
VINOD KUMAR CHAND
Date: _____

_____
SAMY EL FOULY
Date: _____

By: _____
Name: <u>Kimberly A. Lane</u>
Title: <u>Sr. VP & Deputy General Counsel</u>
Date:_____

**Franchisee Defendants:**

NEW AGE FOOD CONCEPTS, INC.

By: _Samy Elfouly_
Name: SAMY ELFOULY
Title: President
Date: 5/11/18

_____
VINOD KUMAR CHAND
Date: 5/03/18

_____
SAMY EL FOULY
Date: 5-8-18

- 7 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANAYELI GUZMAN, et al., <br><br> *Plaintiffs,* <br><br> -against- <br><br> KAHALA HOLDINGS LLC, et al., <br><br> *Defendants.* | Index No. 15-cv-9625 (HBP) <br><br> **STIPULATION OF DISCONTINUANCE** |

IT IS HEREBY STIPULATED that these actions have been discontinued and are hereby dismissed with prejudice, without costs to any party against any other, with the court retaining jurisdiction only to enforce the terms of the parties' settlement. This Stipulation may be filed with the Court without further notice to any party.

Dated: New York, New York
       May ___, 2018

Colin Mulholland, Esq.
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, NY 10165
*Attorney for Plaintiffs*

Arthur L. Pressman, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
*Attorney for the Kahala Defendants*

Andrew Joseph Spinnell, Sr., Esq.
Law Offices of Andrew J. Spinnell, LLC
295 Madison Avenue, 26th Floor
New York, NY 10017
*Attorney for the Franchisee Defendants*

**SO ORDERED:**

_____
HENRY B. PITMAN
UNITED STATES MAGISTRATE JUDGE

- 8 -