```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ANAYELI GUZMAN, et al.,            :
                    Plaintiffs,    :   15 Civ. 9625 (HBP)
     -against-                     :   OPINION
                                       AND ORDER
KAHALA HOLDINGS, LLC, et al.,      :
                    Defendants.    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

  This matter is before me on the parties' joint application to approve the parties' settlement (Proposed Settlement Agreement, attached to the Letter of Colin Mulholland, Esq., to the undersigned, dated Mar. 13, 2018 (Docket Item ("D.I.") 107) ("Mulholland Letter")). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

  This is an action brought by two individuals who worked at defendants' restaurant. Defendants employed plaintiff Anayeli Guzman as a cook at one of its restaurants from approximately 2006 through approximately October 31, 2015, and employed plaintiff Hector Reyes as a deliveryman from approximately April 2009 through approximately October 31, 2015 (Letter of Gerrald Ellis, Esq., to the undersigned, dated Jan. 25, 2017 (D.I. 93)). Plaintiffs brought this action under the Fair Labor Standards Act

("FLSA"). 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL"), alleging that they routinely worked between 45 and 65 hours per week throughout their employment, but that defendants never provided them with overtime premium pay.  Plaintiffs also claim, among other things, that defendants failed to maintain certain payroll records and failed to provide certain notices as required by the NYLL.  Plaintiffs allege that they are entitled to a total of $81,145.63 in unpaid overtime wages.[1]  Of this amount, Guzman claims that he is owed $31,665.00, and Reyes claims that he is owed $49,480.63.  Using these damages figures, Guzman's pro rata share of the total damages claimed is approximately 39% and Guzman's is approximately 61%.

Defendants deny all of plaintiffs' claims.  Defendants contend that the number of hours each plaintiff claims to have worked is inflated, and that defendants possess documentation that supports that position.  Defendants assert that plaintiffs received all overtime pay to which they were entitled.

I presided over a settlement conference in this matter on September 15, 2016, during which the parties did not reach a

---

[1] In total, plaintiffs claim they are entitled to $184,501.26, exclusive of pre-judgment interest and attorney's fees.  This includes (1) $81,145.63 in total unpaid wages, (2) $81,145.63 in total liquidated damages, (3) $20,000.00 for statutory penalties under the NYLL and (4) $2,210.00 for "tools of the trade".

settlement. However, the parties agreed to the essential terms of a settlement during a telephonic status conference held on December 21, 2016, over which I also presided. My knowledge of the underlying facts and the justification for the settlement is, therefore, based on counsel's representations in the letters submitted prior to the settlement conference, the letters in support of the settlement and their statements during the settlement and status conferences.

This is the third time the parties have submitted a settlement agreement for approval. I rejected two previous proposed settlement agreements because: (1) the parties' letters in support of settlement failed to provide sufficient information to enable me to determine whether the proposed settlement amount was fair and reasonable; (2) the agreements contained impermissible general releases and (3) the agreements contained other improper provisions, including prohibitions on (a) plaintiffs' re-employment with defendants and (b) plaintiffs' ability to assist in other wage-and-hour litigation against defendants (see Opinion and Order of the undersigned, dated Oct. 18, 2017 (D.I. 95); Opinion and Order of the undersigned, dated April 9, 2018 (D.I. 104)).

On May 18, 2018, the parties' counsel resubmitted their settlement agreement for approval, claiming to have cured the

3

defects identified in the previous proposed agreements (see Mulholland Letter). Under the proposed agreement, defendants agree to pay plaintiffs $75,000.00 in full and final satisfaction of plaintiffs' claims.[2] Of that amount, plaintiffs' counsel will receive $25,000.00 for attorney's fees. The amount of alleged unpaid overtime wages claimed by each plaintiff, and the net amount that will be received by each after deduction of legal fees are as follows:

| Plaintiff | Amount Claimed | Net Settlement Amount |
| --- | --- | --- |
| Anayeli Guzman | $31,665.00 | $19,500.00 |
| Hector Reyes | $49,480.63 | $30,500.00 |
| **Total** | **$81,145.63** | **$50,000.00** |

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376 at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (Citing Lynn's Food Stores, Inc. v. United States, 659 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

---

[2] In particular, the settlement funds will be provided by defendants New Age Food Concepts, Inc. and Samy El Fouly (Proposed Settlement Agreement ¶ 1(a)).

4

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted).

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted). The settlement here satisfies these criteria.

First, plaintiffs' total settlement, represents approximately 27% of their total alleged damages, exclusive of pre-

judgment interest, and approximately 62% of their alleged unpaid overtime wages. Defendants dispute the number of hours plaintiffs claim they worked. Defendants also assert that they possess documents that establish that (1) the number of overtime hours plaintiffs actually worked were substantially less than what they claim and (2) that plaintiffs were paid their full wages. As discussed in more detail below, given the risks these issues present, the settlement amount is reasonable.

Second, the settlement will entirely avoid the expense and aggravation of litigation. As noted above, defendants dispute plaintiffs' claim that they regularly worked between 45 and 60 hours per week; plaintiffs have no documentary evidence supporting their position. Thus, trial preparation would likely require depositions to explore this issue. The settlement avoids the necessity of conducting these depositions.

Third, the settlement will enable plaintiffs to avoid the risk of litigation. To prevail on their overtime claims, plaintiffs must prove (1) that they were entitled to overtime premium pay and (2) that they did not receive the full amount to which they were entitled. Given the lack of documentary evidence supporting plaintiffs' position, and the fact that plaintiffs bear the burden of proof, it is uncertain whether, or how much, plaintiffs would recover at trial. See Bodon v. Domino's Pizza,

6

LLC, NO. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, having presided over both the settlement conference and the telephonic conference during which counsel ultimately reached the essential terms of settlement, I know that the settlement is the product of arm's length bargaining between experienced counsel who represented their clients zealously.

Fifth, there are no factors here that suggest the existence of fraud. As noted above, the material terms of the settlement were reached following a judicially supervised telephonic conference, which was preceded by a judicially supervised

settlement conference. This fact further negates the possibility of fraud or collusion.

The settlement funds will be distributed to plaintiffs on a _pro rata_ basis identical to the proportion of each plaintiff's individual claim to the total alleged unpaid overtime pay (Proposed Agreement ¶ 1(g)). Guzman's _pro rata_ share of the total alleged unpaid overtime pay is approximately 39% and Reyes's is approximately 61%. Under the terms of the settlement agreement, plaintiffs will receive an identical share of the portion of the settlement fund after the deduction of attorney's fees.

The proposed agreement also contains a mutual release (Proposed Agreement ¶ 7). The proposed settlement agreement provides, in pertinent part, that plaintiffs release all defendants, as well as a group of related and unrelated entities and individuals,[3] "from all or any manner of actions, causes of action, suits . . . claims . . . arising under the [FLSA], the New York Minimum Wage Act, Wage Orders issued by the New York Commissioner of Labor, and the New York Code Rules and Regula-

---

[3]In addition to defendants, plaintiffs release "defendants' respective parent corporations, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees trustees, agents . . . and each of their respective successors and assigns" (Proposed Agreement ¶ 7(a)).

8

tions arising out of [p]laintiffs' employment by [d]efendants . . ." (Proposed Agreement ¶ 7(a)). In exchange, defendants provide a general release to plaintiffs (Proposed Agreement ¶ 7(b)). Judges in this district routinely approve releases, such as the one here, that, despite being unlimited in duration, release only the plaintiffs' wage-and-hour claims. See Seck v. Dipna RX, Inc., 16 Civ. 7262 (PKC), 2017 WL 1906887 at *2 (S.D.N.Y. May 8, 2017) (Castel, D.J.) (noting that judges in this district have approved FLSA settlements with language that released only plaintiffs' claims "(1) relating to wages and hours, including those under FLSA, [NYLL] . . . or common law; (2) relating to retaliation for protected activity concerning wages or hours [and] ([3]) asserted in the Action."); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (collecting cases); Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.) (approving release that included both known and unknown claims and was limited to wage-and-hour claims).

Finally, the proposed settlement agreement allocates $25,000.00, or one-third, of the total settlement amount to plaintiffs' counsel as fees. Attorney's fees of one-third in FLSA cases are routinely approved in this Circuit. Santos v. EL

9

Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances," citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.)); Rangel v. 639 Grand St. Meat & Produce Corp., 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sep. 19, 2013) (approving attorney's fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement and noting that such an agreement "is routinely approved in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement the

action is dismissed with prejudice and without costs.  The Clerk is respectfully requested to mark this matter closed.

Dated:  New York, New York
        June 13, 2018

                                    SO ORDERED

                                    _____
                                    HENRY PITMAN
                                    United States Magistrate Judge

Copies transmitted to:

All Counsel

11